UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             Case No. 22-CR-31

CHAD M. SCHAMPERS,

    Defendant.

# PRETRIAL RULINGS

    Defendant Chad M. Schampers is charged with wire fraud and money laundering related to an allegedly false and fraudulent application for a Paycheck Protection Plan (PPP) loan. Trial in this matter is scheduled to begin on April 10, 2023. At a hearing on January 17, 2023, the Court addressed the parties' motions in limine and the objections made to certain evidence offered in the parties' respective trial briefs. This order will set out the Court's rulings.

**A. Government Motions**

    Most of the United States' Consolidated Motions in Limine (Dkt. No. 14) were not opposed by the defendant and are therefore granted. The defendant is prohibited from seeking or encouraging jury nullification, introducing evidence and offering argument concerning alleged negligence of lenders or loan processors, commenting on or making discovery requests before the jury, arguing or encouraging the jury to engage in speculation regarding other uncharged co-conspirators, and offering the jury a legal definition of reasonable doubt. Absent further clarification, however, the Government's motion to prohibit the defendant from questioning or

arguing about the motives of the government investigative agents in pursuing the charges against the defendant will be denied.

Without seeing the precise context in which such questions may arise, the Court is unable to provide a definitive pretrial ruling. Though evidence of government misconduct is often irrelevant to whether the Government has proven the defendant's guilt beyond a reasonable doubt, a defendant is free to challenge the credibility of any witness. *United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994). This is often accomplished by asking questions intended to show bias or prejudice, which may involve the motivation of the government agents and investigators. *Id.* The government is free to object at trial, as in all cases, to questions that it believes call for inadmissible evidence or arguments that it believes improper. With the context and evidence sought more clear, the Court will be better able to weigh the probative value and potential prejudice that may arise from the admission of such evidence.

The Government has also moved to bar the defendant from asserting an advice of counsel defense. This motion is also opposed by the defense. The defendant has advised the Government that he intends to assert such a defense based on the anticipated testimony of Attorney Brandon O'Bryon, an attorney who provides legal advice and services to small businesses in Wisconsin. Attorney O'Bryon is expected to testify that based on his review of the final interim regulation governing the PPP loans, he advised the defendant that his plan to use PPP loan proceeds to purchase residential real estate to rehabilitate was lawful. Attorney O'Bryon even set up a separate limited liability company to facilitate the defendant's plan. Def.'s Trial Br., Dkt. No. 22, at 7.

The Seventh Circuit Pattern Jury Instruction for the defense of Advice of Counsel, modified for the facts of this case, reads as follows:

# 6.12 RELIANCE ON ADVICE OF COUNSEL

If a defendant relied in good faith on the advice of an attorney that his conduct was lawful, then he lacked the intent to defraud required to prove the offense of Wire Fraud charged in Count One. The defendant relied in good faith on the advice of counsel if:

   1. Before taking action, he in good faith sought the advice of an attorney whom he considered competent to advise him on the matter; and

   2. He consulted this attorney for the purpose of securing advice on the lawfulness of his possible future conduct; and

   3. He made a full and accurate report to his attorney of all material facts that he knew; and

   4. He then acted strictly in accordance with the advice of this attorney.

You may consider the reasonableness of the advice provided by the attorney when determining whether the defendant acted in good faith. The defendant does not have to prove his good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted with intent to defraud as to Count One.

The Government argues that the defendant should be barred from asserting "advice of counsel" as a defense because he is unable to establish the elements of such a defense. The Government's argument is based primarily on the fact that the defendant has failed to produce in discovery the written documentation, i.e., written correspondence, legal memoranda, email, telephone records, that would corroborate the advice allegedly given by his attorney.

There is no requirement that an attorney's advice must be in writing in order for a defendant to offer an "advice of counsel" defense. According to the defendant, Attorney O'Bryon will testify that because his clients are small businesses that cannot afford substantial legal fees, his advice is often over the phone or oral. He does not have associates who prepare legal memoranda for clients. The absence of written corroboration may provide a basis for the Government to challenge whether such advice was given or the reasonableness of such advice, but it does not preclude a defendant

3
Case 1:22-cr-00031-WCG   Filed 01/30/23   Page 3 of 9   Document 31

from asserting such a defense. Based on the record as it now stands, the Government's motion to bar an "advice of counsel" defense is denied.

**B. Defendant Motions**

The defendant sought rulings of five separate issues in his consolidated motion. Dkt. No. 15. The first motion is for an order prohibiting the Government from introducing at trial any expert testimony for which it had not provided the defense an adequate written summary as required under Fed. R. Crim. P. 16(a)(1)(G). The Government has provided the required reports since the motion was filed and thus the motion appears moot. To the extent the Government intends to offer any expert testimony other than that summarized in its reports, it does not oppose the defendant's motion and so the motion is granted in that respect. The Government is precluded from offering undisclosed expert opinion testimony absent further order of the Court.

For its second motion, the defendant seeks an order prohibiting the Government from introducing opinion evidence at trial by its investigating officers to the effect that any expenditures by the defendant or his company, Summit Contracting, was not a legitimate business expense. The Government agrees that it will not offer such testimony. The Government intends to call FBI Forensic Analyst Julie Andreoni to testify from the defendant's financial records and those of his company about their respective financial conditions and how the loan proceeds were expended. Such testimony will be allowed, but the witness may not offer any opinion concerning the legality or propriety of such expenditures absent further order of the Court. Ms. Andreoni's testimony will essentially provide a summary of the bank records of the defendant and his company.

The defendant's third motion seeks to preclude "other act" evidence offered under Fed. R. Evid. 404(b) absent notice and compliance with Rule 404(b)(3), which in general requires written pretrial notice of what evidence it intends to offer and an explanation of the purpose for which it

4

Case 1:22-cr-00031-WCG   Filed 01/30/23   Page 4 of 9   Document 31

is offered. The defendant further notes that under a separate indictment in Case No. 22-cr-30, he is charged with three co-defendants with other crimes in connection with Summit Contracting. Evidence relating to these separate charges, he argues, should not be admitted because of potential prejudice and little if any relevance.

In its trial brief, the Government expressed its intent to offer testimony of Brown County Sheriff Detective Zak Holschbach concerning law enforcement's investigation of the defendant's business for fraudulent practices, the execution of a search warrant on the business, the negative media attention the investigation attracted, and the impact this activity appeared to have on the earnings of the business. The Government argues such evidence is not 404(b) evidence but is intrinsic evidence intended to show Summit had little or no business and thus no reason to believe it would use the money for payroll and business expenses. To the extent such evidence strays into Rule 404(b) territory, the Government argues that it is relevant to show intent, plan, and knowledge.

The defendant's motion is granted. Evidence of the criminal investigation and indictment of the defendant and Summit Contracting, as well as evidence of a Consent Decree entered against Summit in a separate civil enforcement action, are not admissible either as direct evidence or under Rule 404(b). Evidence of the financial condition of the defendant and his business is admissible, but the Government may not introduce evidence of its fraud investigation or the Consent Decree. Such evidence is not relevant to intent, plan, knowledge, or any other proper purpose under Rule 404(b). On the other hand, evidence that a defendant charged with Wire Fraud is also being investigated by law enforcement for separate crimes involving fraud is highly prejudicial. Whatever probative value such evidence has is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

5

Case 1:22-cr-00031-WCG   Filed 01/30/23   Page 5 of 9   Document 31

The defendant's fourth motion seeks an order to preclude the Government from introducing evidence of arguably improper expenditures made after April 28, 2020, when the defendant received the proceeds for the PPP loan, as evidence that he had the intent to misuse the proceeds at the time he applied. The defendant argues that "the government should not be permitted to simply point to expenditures it believes are unwise or suspicious without being able to proffer a theory of circumstantial support for the relevance to criminal intent preceding April 28, 2020." Dkt. No. 15 at 3.

This motion is denied. Evidence of how the defendant actually expended the loan proceeds is relevant to what his intent was in applying for the loan in the first place. It may be that the defendant's intent changed after he applied for the loan, but that is for him to explain. As the Government notes, evidence as to how the defendant spent the loan proceeds is circumstantial evidence of his state of mind at the time of the loan application. While clearly not conclusive, it is relevant.

For his fifth motion, the defendant seeks an order prohibiting the Government from arguing to the jury "that acquiring a parcel of residential real estate was a per se prohibited use of the PPP loan proceeds." *Id.* In support of this motion, the defendant notes that when Congress enacted the PPP, it also enacted additional provisions under 15 U.S.C. § 636(a), which governs loans made in connection with the Small Business Association (SBA) and specifies allowable purposes for such loans. Among the allowable uses for PPP loans, the statute includes the use of funds "to finance residential or commercial construction or rehabilitation for sale . . . ." § 636(a)(36)(F). Based on this language, the defendant asserts that the Government should not be able to argue that the defendant's purchase of residential property using PPP loan proceeds was illegal.

This motion will be granted. The defendant is charged with Wire Fraud, not violation of the PPP. The issue to be decided at trial is whether the defendant, with intent to defraud, "falsely claimed that he intended to spend the loan proceeds on payroll, lease and mortgage expenses, interest, and utilities," Indictment, ¶ 14, and whether any such representation, if false, was material. In other words, the issue is whether the defendant acted fraudulently, not whether he violated the SBA interim rule governing the PPP. Allowing the Government to argue that the defendant violated the SBA rule governing the PPP is likely to mislead and confuse the jury. Fed. R. Evid. 403. Jurors may conclude that they should find the defendant guilty because he violated the SBA interim rule, even if they are not convinced that he made the statement alleged in the indictment with intent to defraud. The Government will therefore be prohibited from arguing that using loan funds to purchase residential real estate for rehabilitation is illegal absent further ruling of the Court.

This ruling, however, as are most rulings in limine, is not final. As in most trials, evidence that may seem irrelevant at the outset may become relevant as other evidence is received or arguments are made. A party who opposes the admission of certain evidence may open the door for it by the manner in which he or she challenges the other side's case. The Government may request reconsideration of this ruling and seek leave to offer such argument if, in the course of the trial, it appears that it may be relevant to the materiality of the alleged misrepresentation or some other issue.

Additionally, the Government indicated in its Trial Brief and its Statement of Expert Disclosure, Dkt. Nos. 20–21, its intent to offer the testimony of Kandace Zelaya, an attorney with the SBA, regarding her role in drafting the PPP and accompanying PPP regulations. Ms. Zelaya has no personal involvement in the case. She never dealt with the defendant and was not involved

in approving his PPP loan. According to the Government, Ms. Zelaya would testify about the reasons the PPP was instituted and its purposes. She would explain to the jury what uses for PPP loans were authorized and what were not authorized. Her testimony, in the Government's view, is relevant to the issue of the materiality of the defendant's representations. The defendant objects to the admission of such testimony by Ms. Zelaya on the ground that it is improper expert testimony. The Court agrees.

"The meaning of federal regulations is not a question of fact, to be resolved by the jury after a battle of experts. It is a question of law, to be resolved by the court." *Bammerlin v. Navistar Intern. Transp. Corp.*, 30 F.3d 898, 900 (7th Cir. 1994) (citing *Harbor Ins. Co. v. Cont'l Bank*, 922 F.2d 357, 366 (7th Cir.1990)). "District judges, rather than witnesses, must explain to juries the meaning of statutes and regulations." *United States v. Farinella*, 558 F.3d 695, 700 (7th Cir. 2009). Moreover, especially in a criminal case, it is the words used in a statute, not the purpose of those who enacted it or promulgated regulations to implement it, that controls whether it has been violated. As noted above, the defendant has been charged with Wire Fraud, not violation of the SBA's interim regulation governing the PPP. The question before the jury will be whether the defendant falsely stated his intended use of the loan funds with intent to defraud and whether his allegedly false statement was material. Ms. Zelaya appears to have no evidence relevant to that question. Absent further ruling of the Court, her testimony will not be allowed.

**C. Jury Instruction**

Finally, it became clear at the January 17, 2023, pretrial conference that the Court's instructions to the jury could provide substantial assistance to the parties in preparing for trial and assessing the strength of the evidence they intend to introduce. The Court advised the parties that it would provide them with a draft of the instruction it intended to give the jury before trial to assist

them in preparing for trial. Attached hereto is a tentative draft of an Instruction on the Charge of Wire Fraud that the Court will give the jury. The instruction is based primarily on the Seventh Circuit Criminal Pattern Jury Instructions. The parties are invited to provide the Court with any comments or objections they may have prior to the pretrial conference currently scheduled for March 17, 2023.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the parties' motions in limine (Dkt. Nos. 14, 15) are **GRANTED-IN-PART AND DENIED-IN-PART** as set forth above. The parties are also advised that the Court will instruct the jury on the crime of Wire Fraud as set forth in the attached instruction, subject to further revision based upon any comments or objections of the parties.

**SO ORDERED** at Green Bay, Wisconsin this 30th day of January, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge